**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Homero Alvarez-Lopez,

      Petitioner,

v.                                               Civil Action No. 06-15793

United States of America,          Hon. Arthur J. Tarnow
                                                      United States District Judge

      Respondent.

_____/

## ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE THE SENTENCE

Petitioner, Homero Alvarez-Lopez, was arrested by agents of the FBI and Customs and Immigration Service following a drug investigation. Along with two other men, Petitioner was charged in 2005 on several counts of drug distribution. He pled guilty on November 1, 2005 to conspiracy to distribute cocaine and sentenced to three concurrent terms of 70 months, to be followed by 36 months of supervised release. But as an illegal alien, he will be deported to Mexico after he concludes his custodial sentence. Petitioner has now filed a *pro se* petition for habeas corpus relief asking this Court to set aside his conviction and sentence.

In his petition, Alvaerz-Lopez raises two claims that are closely related. Petitioner first argues that his counsel was ineffective for failing to bring a motion to suppress based on *Miranda*. Petitioner's second claim involves allegations that the agents who interviewed him used coercive and deceptive tactics that made his *Miranda* waiver "not knowing, intelligent and voluntary." In effect, Petitioner raises the claim of ineffective of assistance of trial counsel for failing to move to suppress his statement based on involuntary waiver of his *Miranda* rights which resulted in the prejudice of causing him to plead guilty.

Historically, the purpose of *habeas corpus* has been "to afford relief to those whom society has 'grievously wronged.'" *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993). To prevail under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which "had substantial and injurious effect or influence on the proceedings." *Id.* Relief is warranted only where a petitioner has shown "a fundamental defect

which inherently results in a complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 346 (1974) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id*. at 689. To prevail on an ineffective assistance of trial counsel claim when there has been a valid guilty plea, a petitioner must show that the attorney's performance was not "within the range of competence demanded of attorneys in criminal cases" and that there is a reasonable probability that but for counsel's errors [defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Under *Miranda*, statements of an accused made during a custodial interrogation are inadmissible unless the accused voluntarily, knowingly and intelligently waived his Fifth Amendment rights. The state bears the burden of proving that a defendant 'voluntarily, knowingly, and intelligently waived his right to silence and counsel.'" *Abela v. Martin*, 380 F.3d 915, 928 (6th Cir. 2004) (quoting *United States v. Bentley*, 726 F.2d 1124, 1126 (6th Cir. 1984). The court must examine the "totality of the circumstances in determining whether Petitioner's statement was involuntary." *Id*. (citing *Brown v. Illinois*, 422 U.S. 590, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975). A finding of coercive police activity is a pre-requisite to finding that a statement was involuntary. *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986). If coercive activity is established, the Court should consider the following factors: (1) length of interrogation; (2) location of interrogation; (3) continuity of interrogation; (4) the suspect's maturity; (5) the suspect's education; (6) the suspect's physical condition and mental health; and (7) whether the suspect was advised of Miranda rights. *Withrow v. Williams*, 507 U.S. 680, 693-94, 113 S. Ct. 1745, 123 L. Ed. 2d 407 (1993).

Petitioner alleges that Agent Juan Herrera persuaded Petitioner to sign a *Miranda* waiver by using deceptive tactics and molding him with confusion in a law enforcement-dominated atmosphere. As evidence Petitioner claims that Agent Herrera read the *Miranda* waiver but did not allow him to handle the document so that he could read it himself before signing the

statement.  It is also alleged that Agent Herrera told Petitioner that he would be allowed to leave after he signed the waiver form.

Based on these allegations and applying the totality of the circumstances test, Petitioner argues that his waiver was not knowing, intelligent and voluntary.  Petitioner continues that had trial counsel filed a motion to suppress based on *Miranda*, his confession would have been suppressed.  Because counsel failed to do so, Petitioner contends that his counsel violated his Sixth Amendment right to effective assistance of counsel.  If not for counsel's deficient performance, Petitioner claims he would not have pled guilty and gone to trial.

In response, the Government argues that the allegation is unsupported by the record and insufficient as alleged to establish prejudice.  Petitionerhas failed to show either deficient performance or prejudice the Government takes issue with Petitioner's claim that he reasonably believed that he would be released after signing the *Miranda* waiver.  At the time of the waiver, Petitioner was an illegal alien who had been arrested on four felony drug charges and who had been arrested before.

Petitioner's allegations of coercive conduct are either conclusory without support, *e.g.*, the agents used "coercive and deceptive tactics" and "molded Petitioner with confusion," or of questionable coerciveness.  Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. See, *e.g.*, *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings).  Agent Herrera telling Petitioner that he would be allowed to leave after signing the waiver of rights is arguably the only coercive technique as alleged by Petitioner.  However, this Court agrees with the Government that it would have been unreasonable for Petitioner to actually believe that he would be released after having been arrested for four felony counts of drug distribution as well as being an illegal alien.  Additionally, Petitioner's maturity and previous encounters the law should have disabused him of this conclusion.  Based on the totality of the circumstances as alleged, this Court finds that Petitioner has failed to present a *prima facie* case of a *Miranda* violation.  Therefore, based on the allegations of the motion it cannot be said

that Petitioner's trial counsel performed deficiently or that he caused prejudice to Petitioner.

Because Petitioner has not demonstrated a fundamental defect which inherently resulted in a complete miscarriage of justice, Petitioner's Motion to Vacate is **DENIED**

**IT IS SO ORDERED.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: June 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager